IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor                          PETITIONER

v.                              No. 4:17-mc-16-DPM

HARRIS TRUCKING & CONCRETE
CONSTRUCTION, INC.                                          RESPONDENT

## ORDER

The Court has received a copy of another letter about this case. It's attached. The Court directs counsel not to send letters to chambers. Any substantive communication with the Court should be filed on the docket. Further, the Court doesn't need to be included in the back-and-forth between counsel. Last, the Court encourages more civility, and fewer harsh words, all around.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

28 August 2017

U.S. DEPARTMENT OF LABOR

OFFICE OF THE SOLICITOR
Dallas Regional Office
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
(972) 850-3100
(972) 850-3101 Fax

Karla Jackson Edwards
(972) 850-3125 (direct dial)



August 25, 2017

<u>**Via Email**</u>

Brian A. Vandiver
Cox , Sterling et al.
8712 Counts Massie Road
North Little Rock, AR 72113

      Re: Acosta, U.S. Secretary of Labor v. Harris Trucking & Concrete Construction, Inc.

Dear Mr. Vandiver:

I have reviewed your Wednesday, August 23rd letter. The letter was shocking to say the least. Unfortunately, in addition to having to file a lawsuit, I also have to respond to your letter.

First, as you know, a corporation cannot represent itself in federal court. Since this litigation is based on your advice to the company and your actions in the interest of the company, I believe that you will have to represent it until it retains substitute counsel. While your letter indicates that you plan to attend the hearing, dropping your client now prior to the retention of a new counsel with a federal court hearing looming would be alarming considering your involvement. Please let me know any substitute counsel retained.

Further, very strangely, your letter falsely states that you "repeatedly asked [me] on multiple occasions to discuss and resolve this issue prior to litigation but [I] refused to discuss it with [you]." This is unusual because I was recently assigned to file the subpoena enforcement documents in this matter and you and I have never discussed this case. Zero communications (other than your letter and voicemail on Wednesday after the Court's Order). However, the numerous emails regarding you and your client's lack of cooperation with the WH investigation and avoidance tactics are included as exhibits to the petition. Notably, you sent an email on May 2, 2017 specifically stating that you had not produced anything in response to the subpoena, objected to the subpoena, and were refusing to produce the documents. *See* Exhibit E, page 3.

Due to these blatant misrepresentations regarding me refusing to allow you to produce documents to WH or refusing to discuss this matter with you when in fact that was Respondent's actions, I'm concerned about non-written communications with you. Therefore, I am requesting written communications.

Notably, neither Wage and Hour nor my office has received the documents responsive to the

subpoena. You and/or the company may have mailed them on Wednesday. We appreciate your statements that you will cooperate with the investigation now that we have had to file a lawsuit. But, no documents have been received.

Importantly, the petition is not only about the document production but also seeks the sanction of a tolling agreement due to Respondent's misconduct. Please let me know whether Respondent will agree to toll the statute of limitations for Petitioner and/or the Wage and Hour Division to file a lawsuit against Respondent under the Fair Labor Standards Act ("FLSA"), codified at, 29 U.S.C. §§ 201, *et seq.* and ordering that any lawsuit filed against Respondent for violations of the FLSA may include violations that go back to at least July 5, 2014 (two years prior to the initiation of the current case).

Please provide a written communication that details the date you and/or Respondent allegedly sent documents responsive to the subpoena. But, also let me know if Respondent is agreeable to a tolling agreement.

Sincerely,

*Karla Jackson Edwards*
Karla Jackson Edwards
Senior Trial Attorney


cc: Via Email
    U.S. District Court Judge D.P. Marshall Jr.
    dpmchampbers@ared.uscourt.gov